(96 App. Div. 166.)

PHILLIPS et al. v. KAHN et al.

(Supreme Court, Appellate Division, First Department. July 13, 1904.)

1. BANKRUPTCY—GOOD-FAITH LIENS—"PRESENT CONSIDERATION."

Under Bankr. Act July 1, 1898, c. 541, § 67d, 30 Stat. 564 [U. S. Comp. St. 1901, p. 3449], providing that "liens given or accepted in good faith and not in contemplation of or in fraud upon this act, and for a present consideration, which have been recorded according to law, * * * shall not be affected by this act," where an owner of real estate, already indebted to a person for borrowed money, on his note becoming due, procured from the same person an additional sum by executing a bond and mortgage on his real estate as security, the note being surrendered—the

¶ 1. See Bankruptcy, vol. 6, Cent. Dig. § 259.

transaction being in good faith, without knowledge of the insolvency of the mortgagor at the time of the execution of the mortgage—the subsequent bankruptcy of the mortgagor did not affect the mortgage lien; the mortgage having been recorded the day after its execution, 87 days prior to the mortgagee being adjudged a bankrupt.

Appeal from Special Term, New York County.

Foreclosure proceedings by Lewis J. Phillips and another, as trustees under the will of Matilda Phillips for Henry Phillips, against Isaac Kahn, Max Radt, trustee in bankruptcy of Abraham M. Eisenberg, and others. From an order confirming a report of the referee appointed in surplus proceedings, awarding the surplus moneys to Bertha Kahn, Radt appeals. Affirmed.

Argued before VAN BRUNT, P J., and HATCH, McLAUGHLIN, PATTERSON, and O'BRIEN, JJ.

I. Gainsburg, for appellant.

E. Jacobus, for respondents.

VAN BRUNT, P. J. It appears that the claimant, respondent Bertha Kahn, held a third mortgage upon premises, subsequent to the second mortgage foreclosed in this action, in the sum of $2,500. Abraham .M. Eisenberg, the mortgagor, in January, 1903, borrowed from the respondent $1,400; and on the 15th day of April an additional sum of $600, making a total of $2,000, for which amount she received a note. At maturity, payment was demanded; and Eisenberg offered either to pay, or, if Bertha Kahn would advance an additional sum of $500, less interest due on the notes, he would give her a mortgage of $2,500. The bond and mortgage were duly executed and delivered on the 6th of August, 1903, and shortly thereafter the note given for the $2,000 was returned to Eisenberg. On the 7th of August the mortgage was recorded in the office of the clerk of the county of New York. On the 2d of November, 1903, the mortgagor was adjudged an involuntary bankrupt, and the appellant was appointed trustee.

The referee finds, and the finding is supported by the evidence, that at the time of the execution and delivery of the $2,500 mortgage the respondent had no knowledge or information or reasonable cause to believe that the mortgagor was insolvent, and, further, that there was no evidence that Eisenberg was insolvent and unable to pay his debts at the time of the execution and delivery of the mortgage. It is claimed upon the part of the appellant that the learned referee and the counsel for the respondent have mistaken the provision of the bankruptcy law under which the trustee in bankruptcy claims that the mortgage has not a lien, as against him, except for the $441.77 cash which was actually advanced at the time of the execution of the mortgage, and that he does not rely upon either section 60 or section 67e (Act July 1, 1898, c. 541, 30 Stat. 562, 564 [U. S. Comp. St. 1901, pp. 3445, 3449]), read separately or together, but claims his rights under the provisions of section 67d. That provision reads as follows:

"Liens given or accepted in good faith and not in contemplation of or in fraud upon this act, and for a present consideration, which have been recorded according to law, if record thereof was necessary in order to impart notice,

shall not be affected by this act." Act July 1, 1898, c. 541, 30 Stat. 564 [U. S. Comp. St. 1901, p. 3449].

The appellant claims that the only present consideration which was received was the $441.77 paid in cash, as above stated. It may be very well argued, and the fact was probably so, that the mortgagor would not have given a mortgage, had not he received the cash payment, and the mortgagee would not have loaned the cash and accepted the mortgage, had not the previous indebtedness been considered. If so, there was present consideration for the whole. And besides, it appears that she surrendered the $2,000 note, and thus there was the surrender of a present consideration that certainly affected the balance over and above the $441.77 paid in cash.

We think, therefore, that, whatever view is taken of the case, there was a present consideration which made the mortgage a valid lien, and that the order should be affirmed, with costs. All concur.